**Deborah WARREN, Appellant,**

v.

**COASTAL INTERNATIONAL SECURITIES, INC.,**
**Appellee.**

No. 03–7035.

United States Court of Appeals,
District of Columbia Circuit.

May 25, 2004.

Richard Hugh Semsker, Shannon Salb, Lippman & Semsker, Bethesda, MD, for Plaintiff–Appellant.

Teresa Burke Wright, John M. Remy, Michael N. Petkovich, Jackson Lewis, Vienna, VA, for Defendant–Appellee.

Before EDWARDS, SENTELLE and HENDERSON, Circuit Judges.

*JUDGMENT*

PER CURIAM:

This case was heard on the record from the United States District Court for the District of Columbia and on the briefs and arguments of counsel. It is

ORDERED that the judgment of the District Court is hereby affirmed. Try as she might, appellant Deborah Warren states no viable cause of action under the "very narrow" public policy exception to the District of Columbia's at-will employment doctrine. *Adams v. George W. Cochran & Co.,* 597 A.2d 28, 34 (D.C.1991). Such an action must be " 'firmly anchored in either the Constitution or in a statute or regulation which clearly reflects the particular "public policy" being relied upon' " and, to be cognizable, " 'there must be a

close fit between the policy thus declared and the conduct at issue in the allegedly wrongful termination.'" *Fingerhut v. Children's Nat'l Med. Ctr.*, 738 A.2d 799, 803 n. 7 (D.C.1999) (quoting *Carl v. Children's Hosp.*, 702 A.2d 159, 162, 164 (D.C. 1997) (Terry, J., concurring)); *see Fingerhut*, 738 A.2d at 806–07; *see also Liberatore v. Melville Corp.*, 168 F.3d 1326, 1331 (D.C.Cir.1999) ("[C]ircumstances ... constitute grounds for a public policy exception if 'solidly based on a statute or regulation that reflects the particular public policy to be applied.'" (quoting *Carl*, 702 A.2d at 163 (Terry, J., concurring))).

Warren complains that she was discharged in violation of the alleged public policies undergirding assorted District and federal workplace safety and whistle blower laws for seeking a written agreement indemnifying her from any liability arising from her "fake swabbing" of vehicles entering the Ronald Reagan Building and International Trade Center. *See* Appellant's Br. at 10 (citing 29 U.S.C. § 654(a)(1), D.C. CODE ANN. § 32–808(a)); Appellant's Br. at 14 (citing 5 U.S.C. § 1221, 29 U.S.C. § 660(c)(1), D.C. CODE ANN. § 1–615.53). These statutes, however, fail to "clearly reflect[ ]" a public policy bearing a "close fit" with her circumstances. *See Fingerhut*, 738 A.2d at 803 n. 7. Warren's indemnification request cannot be taken as a threat to blow the whistle on her employer; in fact, she concedes that her employer could have dispensed with swabbing. Nor does it constitute a complaint about workplace safety; what she requested—personal indemnification—would not have affected the safety of her workplace. Warren simply sought to be absolved of personal liability for fake swabbing and was discharged instead.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after

resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. RULE 41.